Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
Christopher M. Staine
State Bar No. 24104576
**CROWE & DUNLEVY, P.C.**
1919 McKinney Avenue, Suite 100
Dallas, TX 75201
Telephone: 214.420.2163
Facsimile:  214.736.1762
Email: vickie.driver@crowedunlevy.com
Email: crissie.stephenson@crowedunlevy.com
Email: christopher.staine@crowedunlevy.com

**COUNSEL FOR THE DEBTORS**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **THE LASALLE GROUP, INC., et al.,** [1] | § | **Case No. 19-31484-sgj-11** |
| | § | |
| **DEBTORS.** | § | **(Jointly Administered)** |
| | § | |
| | § | |

**THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF CUSHMAN & WAKEFIELD
AS THE DEBTORS' REAL ESTATE BROKER
EFFECTIVE *NUNC PRO TUNC* TO JULY 5, 2019**

---

[1] A list of the Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Schedule 1**. The Debtors' mailing address is 1900 Enchanted Way, Ste. 200, Grapevine, TX 76051.

TO THE HONORABLE STACEY G. C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

The LaSalle Group, Inc., West Houston Memory Care, LLC, Pearland Memory Care, LLC and Cinco Ranch Memory Care, LLC (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases, pursuant to Sections 105(a), 327(a), 328(a), 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1, 2016-1, and 9013-1 of the Local Bankruptcy Rules for the Northern District of Texas (each a "LBR" and collectively, the "Local Rules"), files this *Application for Entry of an Order Authorizing the Retention and Employment of Cushman & Wakefield as the Debtors' Real Estate Broker Effective* Nunc Pro Tunc *to July 5, 2019* (the "Application") for entry of an order, substantially in the form attached as **Exhibit "A,"** authorizing the Debtors to retain and employ Cushman & Wakefield ("C&W") as their real estate broker, pursuant to the terms and conditions set forth in the Listing Agreement for Sale attached as **Exhibit "A-1"** to the proposed order (the "Listing Agreement"), effective *nunc pro tunc* to July 5, 2019.  In support of this Application, the Debtors submit and fully incorporate by reference the Declaration of Allen McMurty (the "McMurty Declaration"), which is attached as **Exhibit "B,"** and respectfully states as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for relief requested herein are Sections 105(a), 327(a), 328(a), 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1, and 9013-1.

## II.    BACKGROUND

**General Background.**

5.  On May 2, 2019 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code, commencing the above captioned cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.  An official committee of unsecured creditors was appointed in these Chapter 11 Cases on July 3, 2019.  No trustee or examiner has been requested or appointed in these Chapter 11 Cases.

7.  As of the Petition Date, the Debtors operated forty (40) memory care communities, independent living communities and assisted living communities in several states, three of which are under construction and not currently occupied by residents (collectively, the "Facilities").  The Facilities provide research-based assisted living memory care for over 1400 current residents with Alzheimer's, disease, dementia, or other forms of memory loss.  A more detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Chapter 11 Cases, and the facts supporting the Application are set forth in greater detail in the *Declaration of Karen G. Nicolaou in Support of First-Day Motions* (Docket No. 13) (the "First Day Declaration"), which, by this reference, is fully incorporated in this Application.

**Necessity for the Retention of C&W.**

8.  As more particularly explained in the First Day Declaration, as of the Petition Date, the Debtors had an agreement ("PSA") in principal for the purchase of the Facilities owned and operated by Debtors West Houston Memory Care, LLC, Cinco Ranch Memory Care, LLC, Pearland Memory Care, LLC, and Riverstone Memory Care, LLC (collectively, the "RealCo Debtors"). [First Day Declaration, at ¶ 32]. Unfortunately, the buyer backed out and the PSA never closed. As a result, the Debtors, in the reasonable exercise of their business judgment, have decided to market the RealCo Debtors' Facilities (except for Riverstone) and any other non-Debtor facilities that are in need of liquidation, in which any Debtor may own an interest (collectively, the "Assets"), with the ultimate goal of obtaining the highest and best sale price to maximize value for the Debtors' estates. The Debtors need professional assistance with marketing the RealCo Debtors' Facilities for sale.

### III.  RELIEF REQUESTED

9.  Accordingly, by this Application, the Debtors seek entry of an order, substantially in the form attached as **Exhibit "A"**, authorizing the Debtors to retain and employ C&W as their real estate broker, pursuant to the terms and conditions of the Listing Agreement.

10.  C&W has already started conducting preliminary due diligence on the Debtors' Assets, generating a potential buyer list, and responding to potential buyers who have proactively contacted the Debtors about the available Assets for sale. Therefore, the Debtors further request that their employment of C&W be approved retroactively to July 5, 2019 (the "Commencement Date"). Pursuant to Local Rule 2014-1-(b)(1), this Application has been filed within 30 days of the Commencement Date and is deemed contemporaneous. Accordingly, the Debtors' employment and retention of C&W should be granted *nunc pro tunc* to July 5, 2019.

## IV. QUALIFICATIONS

11. Fueled by ideas, expertise and dedicated service, C&W is a leading global real estate services firm focused on delivering value and creative real estate solutions to its clients. C&W is among the largest real estate services firms, with approximately 51,000 employees in 400 offices and 70 countries. C&W has a wealth of experience marketing and selling Senior Housing properties (inside and outside of bankruptcy) and, over the years, has developed a national network of investors and potential buyers, which the Debtors hope to leverage in their attempts to sell their Assets.

12. If this Application is approved, C&W's Senior Housing team of Allen McMurtry (Executive Director), David Kliewer (Senior Director), Jack Deedrick, CPA (Financial Analyst), and Yami Rivera (Brokerage Coordinator) (collectively, the "Tampa Team") will lead the broker representation of the Debtors under the Listing Agreement. The Tampa Team works out of C&W's Tampa office located at One Tampa City Center, Suite 3300, Tampa, FL 33602. The Tampa Team exclusively represents a wide variety of Senior Housing property sellers across the nation, in all market types, and in various economic cycles. They are among the longest-tenured Senior Housing brokerage firm in the industry, with approximately 188 Senior Housing communities sold. The Tampa Team has over 50 years of combined Senior Housing brokerage experience, and has sold Senior Housing communities in 32 states, including Texas.

13. In an effort to maximize the value of C&W's Senior Housing brokerage resources, the Tampa Team intends to partner with C&W's San Diego-based Senior Housing team of Mary Christian (Executive Director) and David Rothschild (Executive Managing Director) (collectively, the "San Diego Team"). Similar to the Tampa Team, the San Diego Team specializes exclusively in the sale of Senior Housing properties across the country. The

San Diego Team works out of C&W's San Diego office located at 110 West A Street, Suite 1000, San Diego, CA 92101.

14. Based on C&W's extensive Senior Housing brokerage experience, the Debtors submit that C&W has its "finger" on the pulse of the Senior Housing market, and is both well-qualified and uniquely capable of representing the Debtors as their real estate broker in these Chapter 11 Cases, pursuant to section 327(a) of the Bankruptcy Code.

## V. SERVICES TO BE PROVIDED

15. The Debtors anticipates that C&W will continue to provide general brokerage services (the "Brokerage Services") to the Debtors in connection with these Chapter 11 Cases, including, without limitation, pre-marketing due diligence on the Debtors' Assets, developing a customized marketing campaign, and otherwise using its best efforts to secure one or more satisfactory buyers to purchase the Debtors' Assets. A more detailed description of the scope of Brokerage Services that C&W intends to provide to the Debtors is set forth in the Listing Agreement, which, by this reference, is fully incorporated into this Application.

## VI. PROFESSIONAL COMPENSATION & EXPENSE REIMBURSEMENT

16. Subject to the Court's approval, and pursuant to the Listing Agreement, C&W will charge the applicable Debtor(s) a commission for 2% of the gross sales price relating to the sale of each of the Debtors' Assets, together with C&W's validated, third party out of pocket marketing expenses, up to $10,000. C&W's fees are consistent with and typical of fees charged by other brokerage firms for comparable services under similar circumstances. The Debtors believe that the fees charged by C&W are reasonable, market-based, and designed to compensate C&W fairly for the work of its professionals and to cover fixed and routine expenses.

17. C&W has been informed and understands that no sale may be consummated until after notice and a hearing on the proposed sale.

## VII. NO DUPLICATION OF SERVICES

18. The Debtors believe that the services provided by C&W will not duplicate the services that other professionals may provide to the Debtors in these Chapter 11 Cases. Specifically, C&W will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and any other retained professionals in these Chapter 11 Cases to avoid unnecessary duplication of services or effort.

## VIII. BASIS FOR RELIEF

19. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.

11 U.S.C. § 327(a).

20. Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

21. For all of the reasons stated in this Application and in the McMurty Declaration, the retention and employment of C&W as the Debtors' real estate broker, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, is warranted.

**A.     C&W's Retention is Necessary and is in the Best Interests of the Debtors' Estates.**

22.    In light of C&W's considerable experience with representing sellers of Senior Housing properties of various types, in all markets, and in diverse economic cycles, the Debtors believe that the immediate retention of C&W as the Debtors' real estate broker is both necessary and in the best interests of the Debtors' estates.

**B.     C&W Neither Holds nor Represents any Interest Adverse to the Debtors' Estates and is a "Disinterested Person" within the Meaning of Section 101(14) of the Bankruptcy Code.**

23.    To the best of the Debtors' knowledge, information and belief, and except as disclosed in this Application and in the McMurty Declaration, C&W:  (i) does not represent, and does not hold, any interest adverse to the Debtors' estates; and (ii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Debtors, their creditors, or other parties-in-interest.

24.    C&W has informed the Debtors that it will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of these Chapter 11 Cases.  If any new material facts or relationships are discovered or arise, C&W intends to use all reasonable efforts to identify them and promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

### IX.     NOTICE

25.    Notice of this Application has been provided to the parties listed on the Limited Service List.  Further, a copy of this Application is publicly available on the following website that is hosted by Donlin, Recano & Company, Inc., the Debtors' claims and noticing agent: https://www.donlinrecano.com/Clients/lasalle/Index. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary or required.

## X.    NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this Court or any other court.

## XI.    CONCLUSION

WHEREFORE, the Debtors respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtors to employ and retain C&W as the Debtors' real estate broker, pursuant to the terms and conditions set forth in the Listing Agreement, effective retroactively to July 5, 2019; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated: August 5, 2019.

By: /s/ *Karen S. Nicolaou*
CRO, The LaSalle Group, Inc.

**CROWE & DUNLEVY, P.C.**

By: */s/Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
Christopher M. Staine
State Bar No. 24104576
1919 McKinney Avenue, Suite 100
Dallas, TX 7501
Telephone: 214.420.2163
Facsimile: 214.736.1762
Email: vickie.driver@crowedunlevy.com
Email: christina.stephenson@crowedunlevy.com
Email: christopher.staine@crowedunlevy.com

**COUNSEL FOR DEBTORS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleading was served by Donlin, Recano & Company, Inc. upon the parties on the Limited Service List via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 5th day of August, 2019.

                        By: */s/Christina W. Stephenson*
                        Christina W. Stephenson

## Schedule 1
## List of Debtors

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1 | The LaSalle Group, Inc. | 19-31484 | 0143 |
| 2 | West Houston Memory Care, LLC | 19-31485 | 2760 |
| 3 | Cinco Ranch Memory Care, LLC | 19-31486 | 2716 |
| 4 | Pearland Memory Care, LLC | 19-31488 | 5311 |
| 5 | Riverstone Memory Care, LLC | 19-31493 | 5407 |