Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
Seth A. Sloan
State Bar No. 24098437
**CROWE & DUNLEVY, P.C.**
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 214.420.2163
Facsimile:  214.736.1762
Email: vickie.driver@crowedunlevy.com
Email:christina.stephenson@crowedunlevy.com
Email: seth.sloan@crowedunlevy.com

**ATTORNEYS FOR THE DEBTORS**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **THE LASALLE GROUP, INC., et al.,** [1] | § | **Case No. 19-31484-sgj-11** |
| | § | |
| DEBTORS. | § | **(Jointly Administered)** |
| | § | |

**MOTION TO CONVERT CASE TO CHAPTER 7**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TX, 75242 BEFORE CLOSE OF BUSINESS ON JULY 21, 2020, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] A list of the Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Schedule 1**. The Debtors' mailing address is 1900 Enchanted Way, Ste. 200, Grapevine, TX 76051.

**MOTION TO CONVERT – PAGE 1**

TO THE HONORABLE STACEY G. C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

The Lasalle Group, Inc. ("LaSalle"), debtor and debtor-in-possession in the above-captioned Chapter 11 case, hereby moves the Court for entry of an Order converting its case to Chapter 7 (the "Motion to Convert")[2] of Title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion to Convert, LaSalle respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2) and this Motion to Convert is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is Section 1112 of Title 11 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 1017, 2002, and 9013.

## II. BACKGROUND

3. On May 2, 2019 (the "Petition Date"), LaSalle and its affiliates West Houston Memory Care, LLC ("West Houston"), Cinco Ranch Memory Care, LLC ("Cinco Ranch"), Pearland Memory Care, LLC ("Pearland"), and Riverstone Memory Care, LLC (collectively, the "Debtors"), each filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code.

4. An official committee of unsecured creditors was appointed on July 3, 2019. [Docket No. 189]. Such appointment was amended on August 12, 2019, to clarify that the committee was only appointed as to Case No. 19-31484, the case number for The LaSalle Group, Inc. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

---

[2] The Motion to Convert is proposed by LaSalle only and does not impact the remaining Debtors jointly administered for procedural purposes only herein.

5. A more detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting the Motion are set forth in greater detail in the *Declaration of Karen G. Nicolaou in Support of First Day Motions* (the "First Day Declaration"), which is incorporated by reference in this Motion to Convert.

6. On May 7, 2019 this Court entered an *Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure* [Docket No. 35]. The Court's order provided that the Debtors' cases were consolidated for procedural purposes and would be jointly administered by the Court under Case No. 19-31484, the case number for The LaSalle Group, Inc.

**Status of Chapter 11 Cases**

7. The goal of each of the Debtors' cases was to liquidate the Debtors' assets.

8. ***Cinco Ranch & Pearland***: On February 28, 2020, the Court approved Cinco Ranch and Pearland's First Amended Joint Plan of Liquidation and entered its *Findings of Fact, Conclusions of Law and Order Confirming First Amended Joint Plan of Liquidation of Cinco Ranch Memory Care, LLC and Pearland Memory Care, LLC* [Docket No. 585] (the "Confirmation Order"). The Confirmation Order approved of the sale of Cinco Ranch and Pearland's assets and ordered the Liquidating Trustee to implement the Plan. The Effective Date of the Plan was February 29, 2020.

9. ***Riverstone***: On August 26, 2019, Riverstone filed a *Motion Pursuant to Bankruptcy Rule 4001(d) for Agreed Order Granting LSLH Trust Relief from Automatic Stay to Pursue Available Default Rights and Remedies with Respect to the Assets and Properties of Riverstone Memory Care, LLC* (the "Agreed Order") [Docket No. 346]. LSLH was a secured

creditor in Riverstone's bankruptcy case. The Agreed Order lifted the automatic stay and allowed LSLH to foreclose on substantially all of Riverstone's assets at a foreclosure sale on October 1, 2019. On January 24, 2020, Riverstone filed its *Motion to Dismiss Chapter 11 Case* [Docket No. 546] and the Court entered an *Order Granting Motion to Dismiss Chapter 11* case of Riverstone on March 26, 2020 [Docket No. 613].

10. ***West Houston***: West Houston's bankruptcy case remained open at the request of Origin Bank, its secured creditor. Origin Bank recently sold its Note and West Houston has been in initial talks with the new secured creditor regarding the future of that case.

11. ***LaSalle***: The only assets that remain in LaSalle's bankruptcy estate that could be administered are equity interests in other entities and potential causes of action. However, upon information and belief, LaSalle believes that it would be overly burdensome to the estate to obtain recovery of these meager assets and would only result in a specious recovery.

12. No value will be added to LaSalle's bankruptcy estate by retaining its case in Chapter 11. Conversion of LaSalle's case from Chapter 11 to Chapter 7 is in the best interest of its creditors and the bankruptcy estate. LaSalle therefore moves to convert its case from Chapter 11 to Chapter 7, or in the alternative, dismiss the case.

### III. REQUEST FOR RELIEF

13. By this Motion to Convert, LaSalle request entry of an Order approving the conversion of its case to Chapter 7.

### IV. BASIS FOR RELIEF REQUESTED

14. Debtors may convert from Chapter 11 to Chapter 7 as provided by 11 U.S.C. § 1112(a). "On request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). Under this section, determination of "cause" for conversion "is subject to judicial discretion under the particular circumstances of each case." *Matter of Potts*, 188 B.R. 575, 581 (Bankr. N.D. Ind. 1995) (internal citations omitted).

15. Cause exists to convert LaSalle's case to Chapter 7 because it does not plan to reorganize and Chapter 7 is a better alternative for the orderly liquidation of assets. No value will be added to LaSalle's estate by retaining its case in Chapter 11. Conversion of the case to Chapter 7 is in the best interest of LaSalle's creditors and the bankruptcy estate. Therefore, the case should be converted to Chapter 7 under 11 U.S.C. § 1112(a) and (b)(1).

### V. NOTICE

16. Notice of this Motion to Convert will be provided to all creditors and parties in interest listed on the Matrix herein and to any person who has requested notice pursuant to Bankruptcy Rule 2002(a)(4). Further, a copy of this Motion to Convert is publicly available on the following website that is hosted by Donlin, Recano & Company, Inc., the Debtors' claims and noticing agent: https://www.donlinrecano.com/Clients/lasalle/Index.

### VI. CONCLUSION

WHEREFORE, The LaSalle Group, Inc. respectfully request that the Court enter an Order converting its bankruptcy case to Chapter 7 and grant such other and further relief as the Court may deem proper.

Dated: June 30, 2020.

                             **CROWE & DUNLEVY, P.C.**

                             By:  */s/ Christina W. Stephenson*
                             Vickie L. Driver
                             State Bar No. 24026886
                             Christina W. Stephenson
                             State Bar No. 24049535
                             Seth A. Sloan
                             State Bar No. 24098437
                             2525 McKinnon Street, Suite 425
                             Dallas, TX 75201
                             Telephone: 214.420.2163
                             Facsimile:  214.736.1762
                             Email: vickie.driver@crowedunlevy.com
                             Email: christina.stephenson@crowedunlevy.com
                             Email: seth.sloan@crowedunlevy.com

                            **ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF CONFERENCE

      I hereby certify that on June 30, 2020, I reached out via email to Meredyth Kippes for the U.S. Trustee's Office regarding the relief requested herein and as of the filing of this Motion I have not yet confirmed Ms. Kippes' position with respect to the relief requested herein. Ms. Driver had conferred with Stephen McKitt in the preceding months regarding the relief requested and he had indicated he was unopposed but as Ms. Kippes is now representing the U.S. Trustee's Office for this case, we believed it appropriate to reach out to her on this matter.

                             */s/ Christina W. Stephenson*
                             Christina W. Stephenson

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed on the Limited Service List via e-mail, U.S. Mail, overnight delivery, and/or electronic transmission via the Court's ECF noticing system on this 30th day of June, 2020.

                */s/ Christina W. Stephenson*
                Christina W. Stephenson

**Schedule 1**
**List of Debtors**

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1 | The LaSalle Group, Inc. | 19-31484 | 0143 |
| 2 | West Houston Memory Care, LLC | 19-31485 | 2760 |
| 3 | Cinco Ranch Memory Care, LLC | 19-31486 | 2716 |
| 4 | Pearland Memory Care, LLC | 19-31488 | 5311 |